**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JAMES ALLEN COLE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **EP ENERGY COMPANY, E&P, L.P. and** | § | |
| **OAKS PERSONNEL SERVICES, INC.** | § | |
| **d/b/a, OAKS GROUP,** | § | **Jury Trial Demanded** |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Jamie Cole complaining of Defendants EP Energy Company &P

L.P. (hereinafter EP Energy), Oaks Personnel Services, Inc., d/b/a the Oaks Group (hereinafter

the Oaks Group) and Jesse Aguilar, for cause of action would respectfully show the Court the

following:

### A.  PARTIES

1.      Plaintiff Jamie Cole is an injured individual residing in Webster Parish, Louisiana

2.      Defendant EP Energy is a company incorporated under the laws of Texas and

with its principal place of operation in Houston, Texas. Defendant EP Energy can be served

with process by certified mail to its registered agent: CT Corporation System, 350 North St.

Paul Street, Suite 2900, Dallas, Texas, 75201.

3.      Defendant Oaks Group is a company incorporated under the laws of Texas, with

its primary place of business in Houston, Texas. Defendant Oaks Group can be served with

process by certified mail to its registered agent: Mr. Luis Acosta, 11511 Katy Freeway, Suite 605, Houston, Texas, 77079.

### B. JURISDICTION

4.     The Court has subject matter jurisdiction over this lawsuit under the provisions of 28 U.S.C.A. § 1332 because suit is between a resident of Louisiana and business entities formed under the laws of foreign states and individuals residing in other states.  Additionally, the amount in controversy exceeds $75,000 exclusive of interest and costs. This Court has personal jurisdiction over Defendants as all Defendants reside in, conduct business in, and/or sell products in the state of Texas, and thus have availed themselves to the laws of Texas through interstate commerce.

### C.  VENUE

5.     Venue is proper in this district under the provisions of 28 U.S.C.A. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### D.  CONDITIONS PRECEDENT

6.     All conditions precedent have been performed or have occurred.

### E.  FACTS

7.     Jamie Cole was working for Daniel Boone Consulting, LLC. On or about March 3, 2014, Mr. Cole was working on a hydraulic fracking operation near Big Lake, Texas. The temperatures were freezing.

8.     The fracking site was owned by Defendant EP Energy. EP Energy was in control of the site and used its representative, the on-site company man, to communicate its orders to

the workers. EP's on-site company man was a joint employee of Defendants EP Energy and the Oaks Group.

9.      On or about March 3, 2014, EP's on-sit company man – on behalf of EP Energy and the Oaks Group – made a decision to continue fracking operations despite the freezing temperatures. Ep's on-site company man failed to order the proper anti-freeze materials to put in the pipes. As a result, an ice plug formed. That ice plug prevented the pressure gauges from reading properly. One man on site looked at the pressure gauge – which read "0" – and opened a valve. The ice plug then blew, causing the pipeline to swing madly, striking and throwing Plaintiff Jamie Cole. Mr. Cole suffered a concussion and multiple other injuries, including injuries to his neck and lower back.

### F.  COUNT I – Negligence, negligent undertaking, and premises liability of Defendant EP Energy.

10.      Defendant EP Energy owed a duty to plaintiff to conduct its operations as a reasonably prudent person would under the same or similar circumstances. EP Energy failed to account for the freezing temperatures or create a fracking plan that compensated for them, breaching EP Energy's duty to Plaintiff. EP Energy was in control of the site and the operations, and EP Energy actively set fracking operations in motion despite knowing the dangers of fracking in freezing temperatures without proper precautions. These actions and omissions directly and proximately caused the injuries to Plaintiff by causing an explosion.

11.      In addition to the duties EP Energy owed to Plaintiff as a matter of law, EP Energy undertook to provide services to Plaintiff and his employer. Those services include but are not limited to safety inspections, instituting safety controls, instituting safety protocols, establishing work procedures, directing the work, determining work methods and manner, determining when it was safe to perform work, and generally taking control of the site. Plaintiff

and his employer, David Boone Oilfield Consultants, relied on these undertakings for the safety of Plaintiff Jamie Cole and others on site. Defendant EP Energy failed to perform these actions as a reasonably prudent person would, directly and proximately caused the harm to Plaintiff by causing an explosion in the pipeline.

12.      Defendant EP Energy had direct knowledge of the hazards associated with fracking in freezing temperatures without use of an anti-freeze agent. It was EP Energy's duty to put antifreeze agents into the pipes so prevent a hidden hazard. EP Energy was a aware that no such agent had been put into the pipes but ordered fracking to continue anyway.  EP Energy had knowledge of the danger frozen pipes present and EP Energy had control of the work that was being performed.

13.      Upon information and belief, Plaintiff suspects EP Energy's on-site company man was Jesse Aguilar, who was hired by and through Defendant Oaks Group. Regardless of identity, this on-site company man acted on orders from EP Energy. Whenever this Complaint references Jesse Aguilar, it is referencing any on –site company man acting on behalf of EP Energy and employed through Defendant Oaks Group.

### G.  COUNT II – Negligence and negligent hiring of Defendant Oaks Group

14.      Plaintiff adopts paragraphs 1-13 and allegations therein, and incorporates all where relevant.

15.      Defendant Oaks Group employed Jesse Aguilar and sent him as a consultant and representative of Defendant EP Energy.  Jesse Aguilar was acting in the course and scope of his duties to Defendant Oaks Group at the time of the incident. His negligence is attributable to them through respondeat superior.

16.     Jesse Aguilar, acting on behalf of Defendants Oaks Group and EP Energy, approved the start of work despite the freezing temperatures and lack of precautions against ice plugs forming in the lines. Mr. Aguilar had the authority and ability to approve work or to order antifreeze materials, but failed to do so. This failure constituted a breach of duty owed to Plaintiff and directly and proximately resulted in his injuries.

17.     In addition to its vicarious liability, The Oaks Group has direct liability for its negligent hiring, retention, and supervision of its consultant, Jesse Aguilar. The Oaks Group knew that its hired consultants would be in charge of fracking sites, and that the safety of others would rest with his performance. Thus, the Oaks Group owed a duty to hire, supervise, retain, and train competent consultants to put out in the field. The Oaks Group knew or should have known that its hired consultant did not have the proper education, training, and experience necessary to safely conduct fracking operations in freezing temperatures, thus breaching the duty the Oaks Group owed to the Plaintiff. The breach of duty proximately and directly led to the formation of the ice plug and the eventual explosion that injured the Plaintiff in this case.'

## H.  COUNT III – Gross Negligence of All Defendants

18.     Plaintiff adopts the allegations of paragraphs 1-17 and incorporates the same herein where relevant.

19.     The acts of all Defendants, as described above, constitute gross negligence and serve as a basis for exemplary damages. The acts and omissions complained of show a deliberate indifference to the safety and welfare of American oilfield workers when viewed objectively from the standpoint of a reasonably prudent person. Further, Defendants were

aware of and consciously disregarded the risks to Plaintiff Jamie Cole and others by continuing its activities, despite the magnitude and severity of risks involved.

## I. DAMAGES

20.    Plaintiff adopts the allegations of paragraphs 1-19 and incorporates the same herein where relevant.

21.    This suit is brought to recover all damages recoverable under any statutory or common law.

22.    Defendants' acts and omissions described above are the producing and proximate cause of harm that Plaintiff has suffered and continues to suffer. Mr. Cole's damages include, but are not limited to concussions, injuries to the head, back and neck, disability and physical impairment, physical pain, mental anguish, scars, medical bills, lost income, lost earning capacity, and other continuing damages for which Plaintiff seeks compensatory damages.

23.    Plaintiff also seeks exemplary damages on the basis of the gross negligence of all Defendants. Exemplary or punitive damages would serve the community and punish wrongdoing.

## M. JURY DEMAND

24.    Plaintiff hereby demands a trial by jury.

## N. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be duly cited to appear and answer this Complaint and that upon final hearing Plaintiff recover as follows:

a.    Actual damages and exemplary damages;

b.      Prejudgment and postjudgment interest as provided by law;

c.      Costs of Court; and

d.      Trial by jury

f.      Such other and further relief to which the Plaintiff may be justly entitled.


Respectfully submitted,

**THE MONSOUR LAW FIRM**


 _/s/ Benton G. Ross_____
Benton G. Ross
State Bar No. 24068124
Douglas C. Monsour
State Bar No. 00791289
404 North Green Street
Post Office Box 4209
Longview, Texas  75606
(903) 758-5757
(903) 230-5010 (fax)

ATTORNEYS FOR PLAINTIFF